UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| LAURENCE HOUGHTON, | ) |
| | ) |
| Plaintiff, | ) Civil No.: 6:15-cv-00092-GFVT-EBA |
| | ) |
| V. | ) **ORDER** |
| | ) |
| EARL HART, et al., | ) |
| | ) |
| Defendants. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court a Recommended Disposition filed by the United States Magistrate Judge Edward B. Atkins. [R. 7.] On May 26, 2015, Plaintiff Laurence Houghton filed a *pro se* civil complaint against several inmates in the federal detention facility in Lewisburg, Pennsylvania. [R. 1.] Mr. Houghton's complaint alleges that these defendants and fellow inmates attacked him, beating and stabbing him, because they believed he was a sex offender. *Id.* Mr. Houghton failed to pay the filing fee, but contemporaneously filed a Motion for Leave to Proceed *In Forma Pauperis*. [R. 3.] However, he neglected to file the requisite paperwork. On June 12, 2015, the Court denied Mr. Houghton's Motion to Proceed IFP without prejudice, and ordered him to either pay the filing fee or complete an affidavit of assets and certificate of inmate account within fourteen days. [R. 5.]

In the interim, the matter was referred to Magistrate Judge Edward B. Atkins. [R. 6.] Fourteen days elapsed without payment of the filing fee or completing the IFP paperwork, and so Judge Atkins prepared a Recommended Disposition. [R. 7.] Judge Atkins recommended dismissing the case for failure to comply with the Court's Order [R. 5]. Mr. Houghton did not object, and the Court adopted the Recommended Disposition. [R. 8.] The Court later learned

that Mr. Houghton was in SHU when the Recommended Disposition was filed and did not receive the Recommendation until he was released from SHU. [R. 9; R. 11.] The Court vacated its Order adopting the Recommendation and allowed Mr. Houghton fourteen days additional days from the entry of that Order to object. [R. 13.] Mr. Houghton's objections to the Recommendation are before the Court. [R. 14.]

Dates become important here. On June 12, 2015, the Court ordered Mr. Houghton to either (1) pay the $350.00 filing fee; or (2) file the documents necessary to establish *in forma pauperis* status within fourteen days. That fourteen-day period would have expired on June 26, 2015. [R. 5; R. 7.] Mr. Houghton was attacked again, and sent to SHU for his own safety on June 30, 2015, four days after his time to file his paperwork elapsed. [R. 11 at 7.]

Mr. Houghton argues that Judge Atkins calculation of time is incorrect, and that he should have had until July 2, 2015 to file the IFP paperwork. [R. 14 at 4.] However, that contradicts the explicit language of this Court's order. [R. 5 ("On or before **June 26, 2015**, Houghton must either pay the $350.00 filing fee and the $50.00 administrative fee, or complete and file each of these forms. If he fails to do so, the Court will dismiss the case for failure to prosecute."] Even if we accepted Mr. Houghton's argument that he could not have been served until June 15, 2015, pursuant to Rule 6 the latest he should have filed the IFP paperwork then was June 29, 2015, the day before Mr. Houghton returned to SHU. Fed. R. Civ. P. 6. Mr. Houghton has not demonstrated any reason why he could not have complied with this Court's Order. [R. 5.]

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** that Judge Atkins' Recommended Disposition **[R. 7]** is **ADOPTED**. This action is **DISMISSED WITHOUT PREJUDICE** for plaintiff's failure to prosecute, and **STRICKEN**

from the docket.

This the 28th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge